Filed 6/18/26  Conservatorship of O.R. CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

| | |
|---|---|
| Conservatorship of the Person and Estate of O.R. | C104611 |
| YOLO COUNTY PUBLIC GUARDIAN, as Conservator, etc.,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>O.R.,<br><br>        Defendant and Appellant. | (Super. Ct. No. MH2018-014) |

Appointed counsel for appellant O.R. filed an opening brief under *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 setting forth the facts of the case.  O.R. was advised by counsel of the nature of the opening brief, as well as her right to file a supplemental brief.  O.R. did not file a supplemental brief.

We will dismiss the appeal as untimely.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 26, 2018, the trial court ordered a one-year conservatorship for O.R. under the Lanterman-Petris-Short Act (LPS Act) (Welf. & Inst. Code, § 5000 et seq.).

In April 2025, the Yolo County Public Guardian (Public Guardian) filed a petition for seventh accounting and to reappoint a conservator over the person and estate of O.R.

On June 6, 2025, the trial court held a hearing, found the conservatorship continued to be necessary, and granted reappointment for one year.

Dr. Alison Steffensen testified on behalf of the Public Guardian. Dr. Steffensen first met O.R. in 2010 and saw her multiple times in the course of O.R.'s conservatorship. Their last meeting was in May 2025. According to Dr. Steffensen, O.R. lived at Crestwood Redding and Crestwood Modesto during the previous 12 months. Due to O.R.'s schizoaffective disorder, it was Dr. Steffensen's opinion that O.R. was unable to provide her own food, clothing, and shelter.

Dr. Steffensen testified that O.R. did know many of her medications and indicated she would take them if prescribed but that O.R. did not believe she had a mental health condition. O.R. was released from the conservatorship in the past but her lack of insight into her condition led to her going off her medication each time.

O.R. testified that if released she would live at a motel for a month while she searched for an apartment. She received approximately $1,000 a month in Supplemental Security Income, and she said she knew "how to budget" for food and clothing. O.R. testified that she did not have a mental illness because she could tell right from wrong. She would obtain medication through the county mental health department, pick it up at a local pharmacy, and pay for it with MediCal funds.

O.R. had been sober for eight years. She testified that she would stay away from drugs and join narcotics anonymous. O.R. claimed she could provide for her own food, clothing, and shelter without a conservator.

The trial court found the conservatorship was still necessary and renewed it for another year. The court filed the order on June 9, 2025.

On September 5, 2025, O.R. filed a notice of appeal. The notice of appeal erroneously indicated O.R. was appealing an order entered on July 17, 2025. The notice is dated June 12, 2025. The notice was mailed on August 30, 2025.

## DISCUSSION

We do not reach the merits of O.R.'s contention because we conclude her appeal was untimely.

A notice of appeal must be filed 60 days after the rendition of the trial court's order. (Cal. Rules of Court, rule 8.308(a).)[1] This rule applies to all appeals from orders establishing conservatorships under the LPS Act. (Rule 8.480.)

O.R. appeals from an order the trial court entered on June 9, 2025. As such, she was required to file a notice of appeal on or before August 8, 2025. She did not file her appeal until September 5, 2025. Accordingly, the appeal is untimely. (Rule 8.308(a).)

## DISPOSITION

The appeal is dismissed.

/s/ _____
EARL, P. J.

We concur:

/s/ _____
RENNER, J.

/s/ _____
WISEMAN, J.[*]

---

[1] Undesignated rule references are to the California Rules of Court.

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3